UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 12127 RGS

| | |
|---|---|
| MASSACHUSETTS CARPENTERS CENTRAL COLLECTION AGENCY, and the TRUSTEES of the MASSACHUSETTS STATE CARPENTERS PENSION FUND, MASSACHUSETTS STATE CARPENTERS GUARANTEED ANNUITY FUND, MASSACHUSETTS STATE CARPENTERS HEALTH BENEFITS FUND, MASSACHUSETTS STATE CARPENTERS VACATION AND HOLIDAY FUND, NEW ENGLAND CARPENTERS TRAINING FUND, BOSTON CARPENTERS APPRENTICESHIP & TRAINING FUND, CARPENTERS LOCAL 108 HEALTH & WELFARE FUND, WESTERN MASSACHUSETTS APPRENTICESHIP & TRAINING FUND, NORTHEASTERN MASSACHUSETTS APPRENTICESHIP &TRAINING FUND, WORCESTER CARPENTERS APPRENTICESHIP TRAINING FUND and the SOUTHEASTERN MASSACHUSETTS APPRENTICESHIP &TRAINING FUND,<br><br>Plaintiffs,<br><br>v.<br><br>VANGUARD CARPENTRY,<br><br>Defendant. | MAGISTRATE JUDGE _____<br><br>RECEIPT # _____<br>AMOUNT $ _____<br>SUMMONS ISSUED _____<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. _____<br>DATE _____<br>CIVIL ACTION<br>NO. |

COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. Section 185, to compel Vanguard Carpentry to make contributions and other payments owed to plaintiffs.

2. Jurisdiction is conferred by 29 U.S.C. Sections 1132(e)(1) and (f) and 29 U.S.C. Sections 185(a),(b) and (c ).

3. Venue lies in this district pursuant to 29 U.S.C. Section 1132(e)(2) and U.S.C. Section 185(c).

4. The Massachusetts State Carpenters Pension Fund, the Massachusetts State Carpenters Guaranteed Annuity Fund, the Massachusetts State Carpenters Health Benefits Fund, the New England Carpenters Training Fund, Carpenters Local 108 Health & Welfare Fund, Western Massachusetts Apprenticeship & Training Fund, Boston Carpenters Apprenticeship & Training Fund, North Eastern Massachusetts Apprenticeship & Training Fund, Massachusetts State Carpenters Vacation and Holiday Fund, Worcester Carpenters Apprenticeship Training Fund and the Southeastern Massachusetts Apprenticeship & Training Fund (collectively, the "Funds") are trusts established in accordance with 29 U.S.C. §186(c), are employee pension benefit or welfare plans as defined by 29 U.S.C. 1002(2), and are governed by the plaintiff Trustees each of whom is a fiduciary to the plans as defined by 29 U.S.C. §1002(21).

5. The New England based local unions affiliated with the United Brotherhood of Carpenters & Joiners of America (the "Union") are labor organizations as defined by 29 U.S.C. Section 152(5).

6. Each of the Funds is a plan that is maintained pursuant to collective bargaining agreements between the Union and more than one employer, and is a plan to which more than one employer is required to contribute for all covered work performed by employees working within the territories defined by the agreements.

7. Plaintiff Massachusetts Carpenters Central Collection Agency (hereinafter "the MCCCA") is an agency established by the Massachusetts State Carpenters Pension Fund which has been designated by the Trustees of each of the various Funds identified in paragraph 4 and by the Union to collect all monies owed to the Funds and others by employers pursuant to collective bargaining agreements with the Union.

8. Defendant Vanguard Carpentry (the "Employer") is a corporation incorporated and existing under the laws of the Commonwealth of Massachusetts and having a place of business in Medford, Massachusetts.

9. The Employer is engaged in an industry affecting commerce as defined in ERISA, 29 U.S.C. Sections 1002(5), (11) and (12), and as defined in LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

10. The Employer was a party to one or more collective bargaining agreements (the "Agreement") with the Union at all times material herein.

11. The Employer has failed to make contributions to the plaintiffs for work performed by its employees as required by the Agreement.

12. The Employer has failed to submit to plaintiffs monthly reports of the number of hours worked by each employee as required by the Agreement.

13. The Agreement further provides that, in the event the Employer fails to make its required contributions in a timely fashion, the Employer is obligated to the Funds, in addition to the principal amounts owed, for interest from the date when the payment was due, liquidated damages and for all costs and reasonable attorney's fees expended by the plaintiffs in any action collecting the delinquent contributions.

WHEREFORE, the plaintiffs demand judgment against the defendant as follows:

1. That the defendant be ordered to submit the delinquent monthly reports of hours and pay the plaintiffs the delinquent contributions due the plaintiffs plus prejudgment interest from the date when each month's payment was due and liquidated damages of 20% per annum pursuant to 29 U.S.C. Section 1132(g)(2);

2. That the defendant be ordered to make all future payments to plaintiffs and submit monthly reports of hours in a timely manner in accordance with its collective bargaining agreement;

3. That the defendant be ordered to pay to the plaintiffs' costs and disbursements, including its reasonable attorney's fees in this action, pursuant to 29 U.S.C. Section 1132(g)(2)

4. That the plaintiffs receive such other legal or equitable relief as this Court deems just and proper.

Respectfully submitted,

Christopher N. Souris
BBO #556343
KRAKOW & SOURIS, LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440

_____
Attorney for Plaintiffs

4