UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS CARPENTERS CENTRAL COLLECTION AGENCY, et al,<br><br>    Plaintiffs,<br><br>v.<br><br>VANGUARD CARPENTRY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 04-12127-RGS<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION FOR AN ORDER OF NOTICE

Plaintiffs move pursuant to Federal Rules of Civil Procedure, (h)(1) and (e)(1) for authorization of alternate means of service of process upon the corporate defendant, Vanguard Carpentry, a Massachusetts corporation. In support of this motion, Plaintiffs state as follows:

    1.    On October 7, 2004, Plaintiffs Massachusetts Carpenters Central Collection Agency, et al filed this action against Defendant Vanguard Carpentry.

    2.    The Worcester County Sheriff's Department returned the summons and complaint to the Plaintiffs after diligent search was made and no person upon whom service could be made was found. The returned summons, complaint, and notice that diligent search was made are attached as Exhibit A.

    3.    Federal Rules of Civil Procedure 4(h)(1) authorizes service upon a domestic corporation in the manner proscribed by Rule 4(e)(1) which, in turn, allows for service to be made "pursuant to the law of the state in which the district court is located."

4.  Under Massachusetts law, the Secretary of the Commonwealth of Massachusetts may serve process upon Massachusetts corporations, but only pursuant to an "Order of Notice" issued by the Court.

5.  Thus, Mass. Gen. Laws ch. 223, §37 provides that when process cannot be served on a domestic corporation after diligent search, the court in which the action is pending may issue an "order of notice" to the corporate defendant "directing it to appear and answer within a designated period." The Plaintiffs then deliver the Order of Notice to the Secretary of the Commonwealth, who mails the order with the process attached to the corporation's address by registered mail, return receipt requested. The Secretary of the Commonwealth then returns to the court either the return receipt or the undelivered order, either of which shall be deemed sufficient service upon the corporation. See also Mass. R. Civ. P. 4(d)(2).

6.  Plaintiffs accompany this motion with a proposed order of notice, which, if issued by this Court, Plaintiffs will deliver to the Secretary of the Commonwealth.

WHEREFORE, for the foregoing reasons, Plaintiffs' motion should be granted.

Date: 12/14/04

Respectfully submitted,

Christopher N. Souris
BBO #556343
KRAKOW & SOURIS, LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440

Attorney for Plaintiffs Massachusetts Carpenters
Central Collection Agency, et al



**Middlesex Sheriff's Office** • Civil Process Division, P.O. Box 410180, Cambridge, MA 02141-1819 • (617) 547-1171

*Middlesex, ss.*

November 29, 2004

**By virtue of this writ** I have made diligent search for the president, treasurer, clerk, cashier, secretary agent or other officer in charge of the business of the within-named judgment debtor corporation VANGUARD CARPENTRY but could not find him/her/them within this county; I therefore return this writ without service. Deputy Expense ($15.00) Total Charges $15.00

_____
*Deputy Sheriff*